BTXN 220 (03/14)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re: § 
Mark Anthony McNair § Case No.: 13−70073−hdh13
 § Chapter No.: 13
Debtor(s) §

## *SCHEDULING ORDER REGARDING MID−CASE NOTICE OF AMOUNT DEEMED NECESSARY TO CURE MORTGAGE ARREARAGE*

On *9/4/14*, the chapter 13 trustee filed and served a "Notice of Amount Deemed Necessary to Cure Mortgage Arrearage" (the *"Mortgage Notice"* ). This scheduling order shall govern any disputes over the Mortgage Notice.

*THE FOLLOWING DEADLINES APPLY IN THE CASE:*

The Mortgage Notice is set for pre−hearing conference on *12/17/14* at *8:30 AM* at *Robert B. Wilson (Non−Lubbock), Ch. 13 Trustee Wichita Falls, US Courthouse Room 208, 10th & Lamar Streets Wichita Falls, TX 76301*. The trustee is not required to send a seperate notice of the pre−hearing conference to any party.

If the lender disputes the information in the Mortgage Notice, the lender must file a response (the *"Lender's Response"* ) on or before *11/3/14*. The Lender's Response must be served on the chapter 13 trustee, the debtor and the debtor's counsel, if the debtor has counsel. The Lender's Response must include an itemization of any cure amounts or post−petition arrearages the lender contends existed as of the date of the Lender's Response. If the lender fails to respond by the deadline provided herein or files a response stating that the lender agrees with the Mortgage Notice and the debtor does not timely file a Debtor's Reply as described herein, the lender is not required to attend the pre−hearing conference and the court will enter an order approving the amounts asserted in the Mortgage Notice.

If the debtor disputes the information in the Mortgage Notice or if the lender files a Lender's Response and the debtor disputes the information in the Lender's Response, the debtor must file a reply (the *"Debtor's Reply"* ) on or before *12/3/14*. The Debtor's Reply must admit or deny whether any pre− or post− petition delinquency exists and must provide specific information to contest any delinquency asserted by the trustee in the Mortgage Notice and/or the lender in the Lender's Response. If the debtor denies any asserted delinquency, a general denial will not suffice; rather, the Debtor's Reply must provide specific facts in support of the denial, such as the date and amount of any payment the debtor made that supports the debtor's denial of delinquency. If the Debtor's Reply does not contain such specific information, the trustee may grant the debtor an additional 14 days to provide specific information. If the debtor fails to provide the specific information within the 14−day period, the trustee may deem the Debtor's Reply to be a default under the terms of the order. The Debtor's Reply must be served on the chapter 13 trustee, the lender and the lender's counsel, if the lender has counsel. If the debtor fails to respond by the deadline provided herein or files a response stating that the debtor agrees with the Mortgage Notice and the Lender's Response (if any), the debtor is not required to attend the pre−hearing conference and the court will enter an order approving the amounts asserted in the Mortgage Notice, except as follows: if a timely filed Lender's Response asserts a different post−petition arrearage than that asserted in the Mortgage Notice, the post−petition arrearage in the Lender's Response shall control and be set forth in the order regarding the Mortgage Notice.

At the time set for the pre−hearing conference, if there are any unresolved disputes raised in either the Lender's Response or the Debtor's Reply, the disputing parties must attend the pre−hearing conference.

If the lender is a disputing party and the lender does not attend the pre−hearing conference and no timely Debtor's Reply is filed, the court will enter an order approving the amounts asserted by the trustee in the Mortgage Notice. If a Debtor's Reply is filed timely, the court will enter an order approving the amounts asserted in the Mortgage Notice except as follows: if the debtor asserts a different post-petition arrearage in the Debtor's Reply on that part of the mortgage claim being paid post−petition directly by the debtor to the mortgage holder, such post−petition arrearage asserted in the Debtor's Reply shall control and be set forth in the order regarding the Mortgage Notice.

If the debtor is a disputing party and the debtor does not appear at the pre−hearing conference, the court will enter an order approving the amounts asserted in the Mortgage Notice except as follows: if a timely filed Lender's Response asserts a different post−petition arrearage than that asserted in the Mortgage Notice on that part of the mortgage claim being paid post−petition directly by the debtor to the mortgage holder, such post−petition arrearage asserted in the Lender's Response shall control and be set forth in the order regarding the Mortgage Notice.

If the trustee is not a disputing party and the debtor and the lender are both disputing parties and neither the debtor nor the lender appear at the pre–hearing conference, the court will enter an order approving the amounts asserted in the Mortgage Notice except as follows: if the debtor asserts a different post–petition arrearage in a timely filed Debtor's Reply on that part of the mortgage claim being paid post–petition directly by the debtor to the mortgage holder, such post–petition arrearage asserted in the Debtor's Reply shall control and be set forth in the order regarding the Mortgage Notice.

If the matter is not resolved as of the time of the pre–hearing conference, the trustee shall either set the matter on the next regular chapter 13 court docket, or at the trustee's option, contact the courtroom deputy and obtain a special setting for an evidentiary hearing. The court will use its best efforts to provide an evidentiary hearing within 30 to 45 days after the pre–hearing conference. All witness and exhibit lists must be filed and exhibits must be exchanged at least three business days before the evidentiary hearing date.

Once the court enters an order on the Mortgage Notice, the debtor and the lender will be barred from contesting the amounts set out in the order in any contested matter or adversary proceeding in this case, or in any other matter, manner or forum after a discharge in the case, unless the court determines, after notice and a hearing, that the failure to respond or the failure to attend the pre–hearing conference was substantially justified or is harmless.

DATED:  9/5/14                          FOR THE COURT:
                                        Tawana C. Marshall, Clerk of Court

                                        by: /s/J. Blanco, Deputy Clerk

```
                              United States Bankruptcy Court
                                Northern District of Texas
In re:                                                              Case No. 13-70073-hdh
Mark Anthony McNair                                                 Chapter 13
        Debtor                      CERTIFICATE OF NOTICE
District/off: 0539-7          User: jblanco               Page 1 of 1              Date Rcvd: Sep 05, 2014
                              Form ID: BTXN220            Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 07, 2014.
db         +Mark Anthony McNair,    4902 Wilbarger,    Vernon, TX 76384-4036
15335344   +Citimortgage Inc,    Po Box 6243,    Sioux Falls, SD 57117-6243

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2014                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 5, 2014 at the address(es) listed below:
              Lee Gordon    on behalf of Creditor    Wilbarger County
               denise.gibson@mvbalaw.com;kim.morriss@mvbalaw.com;othercourts@mvbalaw.com
              Monte J. White    on behalf of Debtor Mark Anthony McNair ecfnotices@montejwhite.com,
               michelle@blackandwhitelaw.com
              Robert B. (AB-AM-SA-WF) Wilson    cmecf@ch13-12westtex.org,    ecfcox@ost-wtx.org,ost.cmecf@gmail.com
              United States Trustee    ustpregion06.da.ecf@usdoj.gov,    albert.loftus@usdoj.gov
                                                                                             TOTAL: 4